IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VANESSA SHULTZ,<br><br>     Plaintiff,<br><br>  v.<br><br>ABE'S TRASH SERVICE, INC., and<br>CHRISTOPHER F. SKINNER,<br><br>     Defendants. | 8:16CV243<br><br>**MEMORANDUM<br>AND ORDER** |

   This matter is before the Court on defendants Abe's Trash Service, Inc. ("Abe's") and Christopher F. Skinner's ("Skinner" and collectively, "defendants") Motion to Exclude Plaintiff's Expert Testimony (Filing No. 96). For the reasons stated below, the motion is granted in part and denied in part, and the testimony of Jennifer Beran ("Beran"), PT, DPT, and (2) Pramila Kalaga ("Kalaga"), MS, CPE, is excluded. Johnathan Perry ("Perry"), MD, is allowed to testify only as a fact witness. *See* Fed. R. Evid. 701.

## I.  BACKGROUND

   On April 6, 2016, plaintiff Vanessa Shultz's ("Shultz") and Skinner's vehicles collided near the intersection of Nebraska Highway 36 and 264th Street in Douglas County, Nebraska. Skinner was driving an Abe's garbage truck at the time of the accident. Shultz alleges she sustained severe bodily injuries, medical bills, loss of employment, and other damages arising out of the collision.

   This Court's March 16, 2017, Order Setting Final Schedule for Progression of Case (Filing No. 51) required Shultz to disclose expert witnesses by August 3, 2017, and the defendants to disclose expert witnesses by October 3, 2017. *See* Fed. R. Civ.

P. 26(a)(2). The parties were required to disclose expert witnesses necessary for rebuttal of an opposing expert witness by October 31, 2017.

Shultz made a disclosure (Filing No. 63) on August 3, 2017, listing Perry and other treating medical personnel as witnesses but did not identify Perry as an expert witness.[1] On October 4, 2017, the Court extended (Filing No. 73) the disclosure deadline for the defendants' experts to November 6, 2017, and for any rebuttal experts to November 20, 2017.

The defendants disclosed (Filing No. 77) two medical experts on November 6, 2017, and scheduled a physical examination of Shultz for December 11, 2017. *See* Fed. R. Civ. P. 35. According to the defendants, the parties agreed (1) the expert reports from the examination would be due two weeks after the examination and (2) Shultz would have until two weeks after the examination to produce rebuttal expert witnesses and opinions.

Shultz disclosed (Filing No. 83) Beran and Kalaga as rebuttal experts on November 17, 2017. The disclosure identified Beran as a "PT" and Kalaga as an "MS" and "CPE" but provided no other information besides the fact that each one was a "Rebuttal expert."

On January 10, 2018, Shultz disclosed (Filing No. 94) Perry as a treating physician but again failed to describe him as an expert. The disclosure identified Beran and Kalaga and, for the first time, sparingly described the subject matter of their testimony. The disclosure referenced a Functional Capacity Evaluation performed by Beran,[2] an ergonomics report by Kalaga, each of Beran's and Kalaga's curriculum vitae, and a

---

[1] The filing specifically identified Chris P. Mannel as an expert witness in accident reconstruction.

[2] The disclosure identified "Beran" as the witness but referred to her as "Berans" in the document section.

statement from Perry dated May 30, 2017. That same day, Shultz delivered Rebuttal Expert Witness Disclosures to the defendants, which allegedly included a more in-depth description of Beran's and Kalaga's testimony and copies of Beran's and Kalaga's reports but failed to include a copy of Kalaga's addendum to her report.[3]

On February 14, 2018, the defendants moved (Filing No. 96) to exclude testimony from Perry, Beran, and Kalaga. The defendants argue Beran and Kalaga were untimely disclosed because they are not true rebuttal expert witnesses. Alternatively, the defendants claim their testimony is not relevant, lacks foundation, and will only confuse the jury. The defendants assert Perry was not identified as an expert witness, and his statement does not meet the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) because he did not prepare it.

Shultz did not respond to the motion but simply filed a Proposed Witness List and Exhibit List (Filing No. 100) on February 28, 2018. Shultz identified Beran and Kalaga as possible rebuttal expert witnesses. Shultz also listed Perry as a witness but did not describe him as an expert.

## II. DISCUSSION

Parties are required to disclose the identity of any witness they may use at trial as an expert witness. Fed. R. Civ. P. 26(a)(2). Unless "stipulated or ordered by the court, [the] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." *Id*. If the witness does not need to provide a written report, the disclosure must state (1) the subject matter on which the witness is expected to present expert testimony and (2) "a summary of the facts or opinions to which the witness is expected to testify." *Id*.

---

[3] A copy of that disclosure was not provided to the Court, but the individual documents were included in the defendants' Index (Filing No. 98).

### A. Beran and Kalaga

The defendants argue the testimony and opinions of Beran and Kalaga are not truly rebuttal evidence and are untimely. The Court has reviewed the evidence and agrees Beran and Kalaga are not rebuttal witnesses. "The function of rebuttal is to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Lamoreaux*, 422 F.3d 750, 755 (8th Cir. 2005) (quoting *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980)). Beran examined Shultz three days before the defendants' experts, and Kalaga based her report on Beran's examination. None of Beran or Kalaga's reports even reference the defendants' experts, let alone attempt to "explain, repel, counteract or disprove" their conclusions.

Even if the testimony and opinions were rebuttal evidence, Shultz still failed to satisfy the requirements of Rule 26(a)(2) because she did not timely disclose Beran or Kalaga's written reports or identify the subject matter or facts on which they were to testify, or the opinions they would give.

When a party's expert-witness disclosure is untimely, "the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008). Because Shultz failed to meet either the original expert deadline or the extended rebuttal deadline agreed to by the parties, Beran's and Kalaga's testimony will be excluded.[4]

### B. Perry

Shultz has never identified Perry as an expert witness either in her disclosures or on her proposed witness list. Even so, she has timely disclosed him as a fact witness. Therefore, Perry's testimony will not be excluded so long as it conforms to the

---

[4] The defendants also argue Beran's and Kalaga's testimony is not relevant, lacks foundation, and will only confuse the jury. The Court does not reach this issue.

requirements of Federal Rule of Evidence 701. Perry will not be allowed to testify as an expert witness.

### III. CONCLUSION

Shultz's disclosure of Beran's and Kalaga's expert testimony was untimely, and their testimony is excluded. Shultz has never identified Perry as an expert witness, so he will be allowed to testify at trial only as a fact witness. Accordingly,

IT IS ORDERED:
1. Defendants Abe's Trash Service, Inc. and Christopher F. Skinner's Motion to Exclude Plaintiff's Expert Testimony (Filing No. 96) is granted in part and denied in part.
2. Jennifer Beran's and Pramila Kalaga's testimony is excluded from trial.
3. Johnathan Perry's testimony at trial is limited to the scope of a fact witness under Federal Rule of Evidence 701.

Dated this 23rd day of April, 2018.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge